SEALED

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 05-209-1 (RMC) |
| | ) | |
| v. | ) | **PLEA AGREEMENT** |
| | ) | |
| MARTIN LUTHER KENNEDY | ) | |

NOW COMES the United States of America, by and through Kenneth Wainstein, United States Attorney for the District of Columbia, and the defendant, Martin Luther Kennedy, in person and through counsel, Jonathan Jeffress, and respectfully inform the Court that they have reached the following agreement:

FILED
JUN 10 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### I. Plea

1.  The defendant agrees to enter a voluntary plea of guilty to Count One as set forth in the Bill of Indictment, and admits to being in fact guilty as charged in Count One.

2.  If the Court finds the defendant's plea to be voluntary and knowingly made, and accepts the plea, then the United States will move at the appropriate time to dismiss Counts Two through Seven in the Bill of Indictment.

3.  The defendant agrees that the Court may consider any such dismissed counts and all pertinent information as "relevant conduct," *United States Sentencing Guidelines [U.S.S.G.] § 1B1.3*. The Court may also consider any dismissed count as a "conviction" for purposes of 28 U.S.C. §§ 1918 (costs of prosecutions, including fines and forfeitures), 920 (court costs, including fees for interpreters), as well as for purposes of forfeiture and restitution.

### II. Sentence

4.  The defendant is aware that the statutory maximum sentence for Count One is as follows:

    Count One: a $250,000 fine, no more than five years imprisonment, or both, and no more than three years supervised release.

5.  The defendant understands that supervised release is a term of supervision that runs consecutively to any sentence of incarceration and that if the Court imposes a term of supervised release, the United States Probation Office will supervise him during that term and will require that he make regular reports and visits to its office. The defendant understands that a violation of the conditions of supervised release may subject him to an additional period of incarceration up to the

1

maximum term of years imposed as supervised release.

6. The defendant is aware that the Court will consider the *United States Sentencing Guidelines [U.S.S.G.]* in determining the appropriate sentence and that the sentence will be without parole. The defendant is further aware that the Court has not yet determined the sentence, that any estimate from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum for each count. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court.

7. With regard to the Federal Sentencing Guidelines, the defendant and the United States, agree that based on the facts currently known to the parties, the following is a correct calculation of all relevant Sentencing Guidelines factors:

    a. The offense level for the subject offense is as follows:

**Base Offense Level – U.S.S.G. § 2B1.1:**                6

    Specific Offense Characteristics:

- Loss: U.S.S.G. § 2B1.1(b)(1)(H)                +14

    (exceeded $400,000 but was not more than $1,000,000)

The defendant understands that "loss" under U.S.S.G. §2B1.1 may be different from, greater, or lesser than "restitution" under 18 U.S.C. § 3556.

    b. Provided that the defendant clearly demonstrates acceptance of responsibility for his criminal conduct by, among other things, acknowledging to the Government, the Probation Office, and the Court the nature and extent of all relevant criminal conduct, the Government will recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1(a).

    c. Provided that the defendant has timely provided information to the Government concerning his involvement in the offense charged, or has timely notified authorities of an intention to plead guilty, the Government will recommend an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b)(2).

The defendant and the Government agree that, in the absence of a motion by the Government pursuant to U.S.S.G., § 5K1.1, a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines as set forth in section a of this paragraph would be a reasonable sentence for the defendant in this case. In the event that this plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of

applicable Sentencing Guidelines provisions contained herein. The defendant understands that any reduction in offense level is ultimately for the Court's determination.

        d.      No other Chapter 2, 3 or 5 enhancements apply.

        e.      Notwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from the defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than that statutory minimum.

    8.    The defendant agrees that upon entry of his plea he will not seek employment in any financial business or with any entity which has a subcontract with any financial business. With the Court's approval, this provision shall be added as a special condition of the defendant's release pending sentencing. Nothing in this agreement shall be construed to bar any person or entity from seeking civil or administrative relief against the Defendant.

    9.    The defendant agrees to pay restitution up to the amount of $691,739.32, which restitution will be included in the Court's Order of Judgment, and to be jointly and severally liable with the co-defendant and other potential defendants known and unknown. The defendant agrees that such restitution will include all victims directly or indirectly harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 3663 or 3663A. The defendant consents to a civil judgment in state or federal court concerning a claim filed by a "victim" as defined in 18 U.S.C. §§ 3663(a)(2) and 3663A(a)(2). The defendant understands that with a Judgment and Commitment Order that requires the payment of restitution, a lien will be filed on his property. Defendant also understands that his obligation to make restitution shall last for twenty years after the entry of the judgment, release from imprisonment, or until his death. 18 U.S.C. § 3613.

For the preparation of his Presentence Report, the defendant agrees to cooperate fully with and make a full disclosure of all current and projected assets and property to the United States Probation Office. If the defendant is ordered to serve a term of supervised release or probation, he agrees to make a full disclosure of his assets and property to the United States Probation Office prior to the termination of his supervised release or probation. If the defendant should fail to make the aforementioned full disclosures, then the United States will be relieved of its obligations under the Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea.

    10.    The parties agree that the Court shall set the amount of fine and shall consider the Fine Table in U.S.S.G. § 5E1.2 as advisory.

    11.    If more than $500.00 in restitution, fines, and/or assessment is owed to the United

States government, a lien will be filed. The defendant understands that if a lien is filed against his property, his obligation to pay restitution shall last for twenty years after any imprisonment ordered or until his death. 18 U.S.C. § 3613.

12. The defendant hereby agrees to pay the total amount required for assessment – $100 per count – to the Clerk, United States District Court, before 5:00 p.m. on the date of sentencing. The defendant further agrees to participate in the Inmate Financial Responsibility Program to the extent necessary to fulfill all financial obligations due and owing under this agreement and the law.

### III. Procedure

13. The defendant stipulates that the attached Statement of Offense is accurate and that there is, therefore, a factual basis for the plea of guilty. The defendant further stipulates that the Court may use the offense conduct set out in the Presentence Report, except any facts to which the defendant has objected, to establish a factual basis for the defendant's plea.

### IV. Waivers

14. The defendant understands and agrees that if the defendant should fail to specifically perform or to fulfill completely each and every one of the defendant's obligations under this Plea Agreement, then the United States will be relieved of its obligations under the agreement, but the defendant will not be allowed to withdraw the defendant's guilty plea.

15. The defendant is aware that the law provides certain limited rights to withdraw a plea of guilty. The defendant has discussed these rights with defense counsel and knowingly and expressly waives any right to withdraw the plea once the District Court has accepted it.

16. The defendant acknowledges that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 are rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights which arise under these Rules. As a result of this waiver, the defendant understands and agrees that any statements which are made in the course of the defendant's guilty plea or in connection with the defendant's cooperation pursuant to this Plea Agreement will be admissible against the defendant for any purpose in any criminal or civil proceeding if the defendant's guilty plea is subsequently withdrawn.

17. The defendant understands and agrees that by pleading guilty, the defendant is expressly waiving the following rights:

       a.    to be tried by a jury;
       b.    to be assisted by an attorney at trial;
       c.    to confront and cross-examine witnesses; and,
       d.    not to be compelled to incriminate himself.

18.     Defendant and defendant's counsel warrant that they have discussed: (1) defendant's rights pursuant to 18 U.S.C. § 3742, 28 U.S.C. § 2255, and similar authorities to contest a conviction and/or sentence through an appeal or post-conviction after entering into a Plea Agreement; (2) whether or not there are potential issues which might be relevant to an appeal or post-conviction action; and (3) the possible impact of any such issue on the desirability to the defendant of entering into this Plea Agreement.

19.     The defendant is aware that Pub. L. 105-119, 111 Stat. 2519 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the Government in this Agreement, the defendant voluntarily and knowingly waives any claim that the defendant might assert under this statute.

20.     The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### V. Assistance to Government

23.     If requested by the United States, but only if so requested, the defendant agrees to cooperate with the United States, including but not limited to the following:

a.      The defendant will provide truthful information about the subject charges and about any other criminal activity within the defendant's knowledge to any Government agent or agency that the United States designates.

b.      The defendant will testify truthfully in any trial, hearing, or grand jury proceeding, including, but not limited to, testimony against any co-defendants, as the United States designates.

c.      The defendant will truthfully disclose all monies, negotiable instruments, securities, or other things of value that are proceeds of or have been involved in, or have been used or intended to be used to facilitate a violation of state or federal law. The defendant further agrees to voluntarily forfeit said property to the United States.

d.      In the event that the defendant's cooperation includes testifying, the defendant hereby waives payment of any witness fees or expenses to which he may be otherwise entitled pursuant to 28 U.S.C. § 1821.

e.      The defendant understands that the United States desires only truthful and accurate information and testimony and, in fact, that knowingly giving false information or testimony can be prosecuted as an additional criminal offense. Further, if the defendant

5

knowingly gives false testimony, the United States will be relieved of its obligations under this Plea Agreement, except that the defendant's plea of guilty and the resulting guilty verdict will stand.

  f. The defendant will not violate any federal, state, or local law, or any order of any court, including any conditions of pretrial, pre-sentence, or post-sentence release.

  g. Nothing that the defendant discloses pursuant to this Plea Agreement will be used against the defendant in any other criminal proceeding, subject to the following exceptions:

    1.) the United States or other jurisdiction may use any and all relevant information regarding crimes of violence;

    2.) the United States may use any and all information as necessary in a prosecution for perjury, or in any trial for impeachment or rebuttal;

    3.) if the defendant withdraws the defendant's plea of guilty, the United States may use any and all disclosures in any subsequent trials or criminal proceedings;

    4.) if the defendant violates any of the terms of this Plea Agreement, including the obligation to provide truthful information, then the United States may use any and all disclosures in subsequent trials or criminal proceedings; and,

    5.) the United States may make indirect use of any information that the defendant provides, including investigative leads or other witnesses.

  h. The defendant's obligation under this section is a continuing one, and will continue after sentencing until all investigations and/or prosecutions to which the defendant's cooperation may be relevant have been completed. This provision is a material condition of this Plea Agreement and of all benefits that accrue to the defendant pursuant to this agreement.

  i. In the interests of fulfilling all obligations under this section, the defendant agrees to waive all rights under Chapters 213 and 208 of Title 18 until such time as the United States determines that all relevant investigations and/or prosecutions have been completed.

  j. The defendant fully understands that any breach of this agreement, including but not limited to withholding information, misleading the United States or any law enforcement officer, or failing to testify truthfully at any trial, grand jury, or other judicial proceeding, will allow the Government, in its sole discretion, to withdraw from its

obligations under this Plea Agreement. In such event, the United States will be free to proceed on any properly-filed pending, superseding, or additional charges, including any charges dismissed pursuant to this agreement.

24. When and if the defendant assists the Government as described above:

   a. For purposes of calculating the appropriate sentence under the *United States Sentencing Guidelines*, the United States, in its sole discretion, will determine whether said assistance has been substantial.

   b. Upon a determination that the defendant has rendered substantial assistance, the Government may make a motion pursuant to U.S.S.G. § 5K1.1 for imposition of a sentence below the applicable Sentencing Guidelines.

   c. Regardless of the nature and extent of any substantial assistance that the defendant renders, the United States will not move for a downward departure if the defendant also knowingly furnishes information that is materially false.

   d. Any determination that the defendant has failed to provide substantial assistance or has knowingly provided false information is within the sole discretion of the United States, and the defendant waives all objections and rights of appeal or collateral attack of such a determination.

   e. The defendant understands that if the United States makes a motion for downward departure, the motion is not binding on the District Court. The Court will determine in its discretion whether to grant or deny such departure and the extent of the departure.

## VI. Conclusion

25. The defendant understands that if the defendant breaches this Plea Agreement, or violates any federal, state or local law, or any order of any court, including any condition of pre-trial or pre-sentence, or post-sentence release, the United States will be relieved of its obligations under this Plea Agreement, but the defendant will not be allowed to withdraw his guilty plea. The United States will be free to proceed on any properly-filed dismissed, pending, superseding, or additional charges.

26. **There are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement and none will be entered into unless executed in writing and signed by all parties.**

SO AGREED:

*[signature: EWZ for]*
KENNETH WAINSTEIN, UNITED STATES ATTORNEY

*[signature]*                                              DATED: 6-10-05
KIM HERD, Assistant United States Attorney
Fraud and Public Corruption Section
Room 5826
555 Fourth Street, N.W.
Washington, D.C. 20530

I have read this plea agreement, consisting of nine pages (including this page), and have discussed it with my attorney. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

_____     DATED: 6/10/05
MARTIN LUTHER KENNEDY, Defendant

I have read each of the nine pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

_____     DATED: 6/10/05
JONATHAN JEFFRESS
Attorney for Defendant

9