UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | Criminal No. 05-209-1 (RMC) |
| v. : | |
| MARTIN LUTHER KENNEDY, : | ~~UNDER SEAL~~ |
| Defendant. : | |

**FILED**
JUN 1 3 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### GOVERNMENT'S MOTION TO SEAL THE PLEA AGREEMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying plea agreement and statement of offense, as well as all existing and future pleadings (save the indictment itself), proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal any and all related matters. In support of this motion, the government states as follows:

The defendant in this case has agreed to enter a plea of guilty to one count in a criminal indictment charging conspiracy, bank fraud, and passing counterfeit checks. A copy of the criminal indictment, plea agreement, and statement of offense are attached hereto as Exhibits A, B, & C.

The sealing is necessary because the attached plea agreement, statement of offense, and related pleadings contain sensitive information, and disclosure of which would not be in the interest of the defendant, the government, or the public.

UNSEALED

As part of his plea agreement, the defendant has agreed to cooperate with the government. Accordingly, it is essential that any information concerning the fact of his pleading guilty be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the defendant's cooperation would likely compromise this ongoing criminal investigation by (1) placing the personal safety of the cooperating defendant, undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting potential targets of the investigation, thereby causing the cooperating defendant to be reluctant to continue his cooperation; (3) causing prospective witnesses, including the cooperating defendant, to be deterred from testifying or to be less likely to provide truthful testimony to the grand jury; and (4) causing potential witnesses and targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general and to some of the defendant's former associates in particular.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. It is common knowledge to criminal organizations operating in this city that the docketing of a motion to seal a plea agreement or the filing of sealed pleadings in a criminal case signals the fact that the charged defendant has agreed to cooperate with law enforcement. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation and present a substantial risk to the personal safety of cooperating individuals, undercover agents, other

law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of all pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals no longer exist; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

Defense counsel, Jonathan Jeffress, has been advised of the contents of this motion and has informed the undersigned prosecutor of his support for this motion.

WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
KIM A. HERD
DC Bar No. 461615
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20001

### CERTIFICATE OF SERVICE

I hereby certify that a copy of this motion was served via facsimile (202) 208-7515 on counsel for the defendant, Jonathan Jeffress, Esq., Federal Public Defender Service, 625 Indiana Avenue, N.W., Fifth Floor, Washington, D.C. 20004, this thirteenth day of June, 2005.

_____
KIM A. HERD
ASSISTANT UNITED STATES ATTORNEY

3